# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MICHAEL CONTRERAS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:17-cv-00368-BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## I. INTRODUCTION

Plaintiff Isaac Contreras ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1] Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge Barbara A. McAuliffe. (Docs. 7, 8).

1

## II. BACKGROUND

Plaintiff applied for benefits on July 18, 2013, alleging disability beginning December 22, 2010, due to poor comprehension skills and depression. AR 33. His application was denied initially and on reconsideration. AR 72-84, 86-98. On June 8, 2015, a hearing was held before Administrative Law Judge ("ALJ") Christine Hilleren. Plaintiff appeared and testified along with his attorney. AR 24. The ALJ also heard testimony from Cheryl Chandler, a vocational expert. AR 24.

Using the Social Security Administration's five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 18, 2013, the application date. AR 12. The ALJ identified: borderline intellectual functioning, depressive/mood/adjustment/bipolar disorder, learning disorder, and obesity as severe impairments. AR 12. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or medically equal the severity of any of the listed impairments. AR 13.

Based on her review of the entire record, the ALJ found that Plaintiff had the following residual functional capacity (RFC):

> to lift and carry (including pushing and pulling) 50 pounds occasionally and 25 pounds frequently, stand and/or walk for six hours per eight-hour workday, and sit for six hours per eight-hour workday. He can perform simple, repetitive tasks which require no interaction with the general public and no more than occasional direct interaction with co-workers, in a work setting requiring no more than occasional changes. Lastly, the claimant would be limited to work not requiring any rapid pace production quotas, such as those quotas present in assembly line work.

AR 15.

Applying this RFC, the ALJ found that although Plaintiff had no past relevant work, considering Plaintiff's age (37 years old), limited education, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. AR 18.

Following the ALJ's decision dated August 19, 2015, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final determination for purposes of judicial review. AR 1-6. This appeal followed.

///
///

## III. LEGAL STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION [2]

Plaintiff offers a single argument in support of his claim that the Commissioner's decision should be reversed. Plaintiff contends that the ALJ failed to give specific and legitimate reasons for implicitly rejecting the finding of non-examining reviewing psychologist Barbara Moura, Psy. D. that Plaintiff is limited to one- to two-step tasks. (Doc. 15 at 5-9). Plaintiff does not challenge the ALJ's assessment of his other impairments or his credibility.

### 1. Legal Standard for Nonexamining, Reviewing Physicians

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate her reasons for doing so." *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 600-01 (9th Cir. 1999)). More specifically, an ALJ errs when he or she "accord[s] greater weight to the opinion of a non-examining, non-treating physician than to the opinions of [a claimant's] treating and examining physicians without providing 'specific' and 'legitimate' reasons supported by 'substantial evidence in the record' for doing so." *Cain v. Barnhart*, 74 Fed. App'x 755, 756 (9th Cir. 2003) (quoting *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The opinion of a non-examining physician, standing alone,

---

[2] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

cannot constitute substantial evidence. *Widmark v. Barnhart*, 454 F.3d 1063, 1066 n.2 (9th Cir. 2006) (citing *Lester*, 81 F.3d at 831); *Morgan*, 169 F.3d at 602.

### 2. **Nonexamining Opinions of Drs. Moura and Amado**

On October 24, 2013, State agency reviewing physician Barbara Moura, Psy.D., reviewed the medical records and opined that Plaintiff was not significantly limited in understanding, remembering, and carrying out short and simple instructions, but moderately limited in detailed instructions; he was not significantly limited in carrying out a normal workday and workweek or maintaining regular attendance; he did not have social limitations; and he was limited to simple, one- to two-step tasks. AR 81-82.

On December 18, 2013, psychologist H. Amado, M.D., opined that Plaintiff was not significantly limited in understanding, remembering, or carrying out simple instructions, but he was moderately limited in detailed instructions, maintaining a schedule and attendance, interacting with the public, coworkers, and peers, and responding to changes in the work setting. AR 94-95. Dr. Amado concluded that Plaintiff's RFC was consistent with the prior unfavorable ALJ decision in 2010 which limited Plaintiff to "simple, repetitive tasks in a non-public work setting." AR 68, 95.

The ALJ reviewed the non-examining opinions as follows:

> On October 24, 2013, State Agency psychological medical consultant Barbara Moura, Ph. D. reviewed the medical records and opined the claimant could perform simple one to two step tasks. On December 18, 2013, another State Agency psychological medical consultant, H. Amado, M.D., gave a similar opinion, except he assessed moderate limitations in the ability to maintain concentration, persistence, and pace, the ability to get along with co-workers and the public, and the ability to handle changes in work setting. I give partial weight to Dr. Moura's opinion because it is not fully consistent with the overall evidence of record or the subsequent State agency opinion of Dr. Amado. However, significant weight is given to Dr. Amado's opinion because it is consistent with and supported by the overall evidence of record.

AR 17.

### 3. **Analysis**

Here, Plaintiff contends that the ALJ committed error because she failed to expressly discount Dr. Moura's one- to two-step limitation. (Doc. 15 at 6). However, having reviewed the ALJ's opinion and the record, the Court does not agree that the ALJ failed to articulate specific and legitimate reasons

4

for partially rejecting Dr. Moura's opinion. Contrary to Plaintiff's assertion, the ALJ did not implicitly reject Dr. Moura's limitations. The ALJ explicitly stated that Dr. Moura's limitation to performing "simple one- to two-step tasks" was inconsistent with the "overall evidence of record [and] the subsequent State agency opinion of Dr. Amado." AR 17. These were specific and legitimate reasons for partially discounting Dr. Moura's limitation as explained more fully below.

First, in providing a factual summary of the medical evidence, the ALJ noted an overall lack of treatment for mental impairments. The ALJ stated that "beyond the post-hearing prison records, the only medical evidence of record after the July 2013 application date is the consultative examination dated September 28, 2013." AR 16. Given the sparse medical record, the ALJ did not err by concluding that the overall lack of objective medical evidence undermined Dr. Moura's restrictive one- to two-step limitation.

Second, the ALJ declined to fully credit Dr. Moura's opinion because it was not supported by the weight of the existing objective medical evidence. At the outset, the ALJ noted that the consultative examination from Plaintiff's prior disability application found that Plaintiff had "no more than mild mental limitations." AR 17. The ALJ subsequently noted that the current consultative examiner, Dr. Lewis, opined that Plaintiff "was able to function adequately and had no significant mental limitations." AR 17.

On September 28, 2013, Mary Lewis, Psy. D performed a consultative psychological examination. AR 16, 282-87. Upon examination, Plaintiff reported, that he had spent 15 years in prison and he was having difficulty readjusting to the community. AR 286. Plaintiff stated "I'm having a hard time getting back into things. I try to get a job, but they won't hire me." AR 282. He completed the 10th grade, performed in the average range, and was not enrolled in special education. AR 283. He was last employed for two weeks as a janitor in 2013, but stopped working after being "fired . . . because [he] didn't have transportation." AR 283.

Dr. Lewis noted that during the examination Plaintiff maintained good eye contact, was cooperative, and presented with normal speech, thought process, thought content, and judgment. AR 284-85. He did not have significant impairment in gross intellectual functioning, he had below-expected fund of knowledge, but a satisfactory recall of up to four digits, simple arithmetic, recent memory, and

5

attention and concentration. AR 284-85. Dr. Lewis concluded that Plaintiff had no significant mental limitations as he was not significantly impaired in performing simple or detailed instructions, maintaining concentration and attention, accepting instructions, sustaining routine, completing a normal work schedule, or interacting with coworkers. AR 286-87.

The ALJ reviewed the current and prior examining opinions, but in giving Plaintiff the benefit of the doubt, the ALJ declined to fully credit the examining opinions that assessed Plaintiff with no more than mild mental limitations. AR 17. The ALJ instead assessed greater limitations than those found by Plaintiff's examining physicians. Despite the weight ultimately given to the examining opinions, a complete reading of the hearing decision reveals that the ALJ found that the totality of Dr. Moura's opinion sharply contrasted with the examining opinions which found no more than mild mental limitations. This was a specific and legitimate reason to discount Dr. Moura's opinion limiting Plaintiff to one- to two-step tasks as it was an outlier among all the other evidence in the record. *See Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1195 (9th Cir. 2004) (An ALJ is permitted to reject a physician's opinion that is unsupported by the record as a whole.)

Further, as noted by the ALJ, Dr. Moura's limitation to one- to two-step tasks was entitled to less weight because it conflicted with Dr. Amado's opinion that was more consistent with the record. In reviewing the evidence, Dr. Moura only "partially adopted" the prior ALJ's decision finding that Plaintiff has the residual functional capacity to perform "simple, repetitive tasks in a non-public setting." AR 68. Instead, Dr. Moura provided a more restrictive opinion and found that Plaintiff is limited to one- to two-step tasks. AR 81-82. On the other hand, Dr. Amado noted that his opined RFC is consistent with the "unfavorable ALJ decision of 12/10" based on Plaintiff's lack of changed circumstances. AR 95. The ALJ was entitled to find that Dr. Amado's decision was supported by the greater weight of the medical evidence over Dr. Moura's opinion, which lacked support from the prior ALJ decision and the other evidence in the record.

Overall, the ALJ weighed Dr. Moura's findings against the findings of both the consultative examiners and the other reviewing physician and found that Dr. Moura's one- to two-step tasks limitation was overly restrictive and therefore not entitled to great weight. Ultimately, it is the ALJ's province to synthesize the medical evidence. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir.

2007) ("When evaluating the medical opinions of treating and examining physicians, the ALJ has discretion to weigh the value of each of the various reports, to resolve conflicts in the reports, and to determine which reports to credit and which to reject."). Moreover, "the opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician [or a treating physician]." *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017) (*quoting Lester v. Chater*, 81 F.3d 821, 830 (1995). Where, as here, some of the findings by the reviewing physician were contradicted by every other opinion in the record, the ALJ was required to do no more than provide specific and legitimate reasons for discounting that physician's opinion. *Lester*, 81 F.3d at 830-31. The ALJ did so here. Accordingly, reversal is not warranted.

## V. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.

The Clerk of this Court is **DIRECTED** to enter judgment in favor of the Commissioner of Social Security, and against Plaintiff Isaac Contreras.

IT IS SO ORDERED.

Dated: **September 19, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE